UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DEMARKO BROWN and TF on behalf of themselves and other similarly situated individuals,<br><br>    Plaintiffs,<br><br>  v. c<br><br>G4S SECURE SOLUTIONS (USA) INC., RENAISSANCE CENTER MANAGEMENT COMPANY, GENERAL MOTORS, LLC. f/k/a GENERAL MOTORS COMPANY, MARRIOTT INTERNATIONAL, INC., DETROIT HOTEL SERVICES, LLC., d/b/a DETROIT MARRIOTT AT THE RENAISSANCE CENTER, GREGORY JENKINS in his official and individual capacity, LARRY PAYNE in his official and individual capacity, and DANIEL REBAR, MATTHEW WILEY, MATTHEW ZANI, LAWRENCE CHILD, DOUGLAS BAYER, and MICHAEL MOUILLESEAUX, all in their individual capacities;<br><br>    Jointly and severally,<br>    Defendants. | Case No: 2:23-cv-10085-SJM-KGA<br><br>Hon. Stephen J. Murphy, III<br><br>Magistrate Judge Kimberly G. Altman |

### PLAINTIFF TF'S MOTION TO APPROVE CONFIDENTIAL SETTLEMENT AS TO PLAINTIFF "TF" UNDER MCR 2.420

1.   Plaintiff TF brought this action against Defendants for injuries she incurred in violation of the Civil Rights Act on or about January 30, 2024. [ECF No. 54]

2. Plaintiffs TF is a legally incapacitated individual under the law.

3. Darren Findling was appointed as a Conservator for Plaintiff TF on September 25, 2024. **Exhibit 1, Letters of Conservatorship** *(Exhibit Provided to Court for In Camera Review)*

4. Plaintiff TF filed suit against Defendants for events that occurred on August 14, 2023. [ECF No. 127, PageID.2988-2995]

5. Plaintiff TF suffered multiple injuries including, but not limited to, "physical injury including neurological complications, feeling slower in movement and thinking; having seizures, migraines and/or severe headaches; have increased difficulty and pain while walking or standing; and suffers continuing injury to her neck, head, back, shoulder and legs as well as severe emotional distress and trauma;" the settlement compensates Plaintiff TF for these serious injuries. [ECF No. 127, PageID.2994-2995 ¶196]

5. The Plaintiffs and six other claimants entered into a proposed settlement with Defendants during a Settlement Conference with this Court on April 2, 2025.

6. The terms of the settlement as to all Plaintiffs and claimants were put on the Court record with the approval of the conservator for Plaintiff TF on April 2, 2025.

7. The conservator for Plaintiff TF entered into a proposed settlement with Defendants as to the claims for her specifically, subject to approval as to the fairness of such by this Court as required under MCR 2.420. **Exhibit 2, Confidential Proposed Settlement Agreement** *(Exhibit Provided to Court for In Camera Review)*

8. Plaintiffs urge this Court to waive any hearing or requirement for Plaintiff TF to appear before this Court as this Court was involved in the resolution of this matter and participated in discussions with the conservator representative for TF at the time of the settlement conference and was well informed as to the injuries Plaintiff TF incurred.

9. Pursuant to MCR 2.420(B)(1), there is good cause to excuse Plaintiff TF's presence before this Court; should this Court require a hearing as to the physical injuries of Plaintiff TF, Plaintiffs ask this Court to only require the appearance of Darren Findling, as her Conservator. **Exhibit 1**

10. Plaintiffs' counsel and Darren Findling, Conservator for Plaintiff TF, believe this settlement is fair, reasonable, and in the best interest of Plaintiff TF and urge this Court to approve the settlement. **Exhibit 3, Confidential Declaration of Darren Findling, Conservator for TF** *(Exhibit Provided to Court for In Camera Review)*

11.     As part of the settlement, the Defendants have agreed that Plaintiffs are entitled to costs and attorneys fees; the parties have agreed this Court shall determine the amount of reasonable costs and attorneys' fees that Defendants must pay to Plaintiffs, in addition to the individual sums to each of the two Plaintiffs and six additional Claimants for personal injuries incurred by Defendants.

12.     Pursuant to the settlement agreement, the Sigler Law Firm, PLC and Miller Law Firm, PC are entitled to their costs and attorney fees, the amount of which will be set by this Court. Plaintiffs' Motion for Costs and Fees will be filed before May 21, 2025.

13.     The net proceeds of the settlement, after payment of attorney fees and costs, shall be distributed to the Conservatorship for Plaintiff TF.

14.     In accordance with L.R. 7.1(a), Plaintiffs' Counsel sought concurrence of counsel for Defendants in the relief sought by this Motion; Defendants G4S, AUS, RCMC and GM did not concur with the proposed language herein but did not contest the relief sought as to the approval of the Confidential Settlement Agreement for TF (Exhibit 2) which was jointly negotiated and drafted by the parties. The remaining Defendants did not respond to Plaintiffs' request for concurrence in the relief sought by this motion.

WHEREFORE, Plaintiffs requests that this Honorable Court enter an Order:

A) Approving the settlement; and
B) Approving the relief sought in Plaintiffs' Motion for Attorney Fees and Costs and payment thereof by Defendants in an amount to be determined by this Honorable Court within 14 days; and
C) Allowing the signature of the Conservator on the Settlement Agreement for TF; and
D) Any other relief deemed fair and just.

Dated: May 14, 2025            Respectfully Submitted,

/s/Danielle Safran
Danielle Safran (P61965)
THE SIGLER LAW FIRM, PLC
30300 Northwestern Highway, Suite 337
Farmington Hills, MI 48334
(248)932-3500 Ext. 237

/s/E. Powell Miller
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
epm@millerlawpc.com
dal@millerlawpc.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 14, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

By: /s/Danielle Safran
Danielle Safran