UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARKO BROWN and T.F.,

        Plaintiffs,

v.

GENERAL MOTORS, LLC, et al.,

        Defendants.

_____/

Case No. 2:23-cv-10085

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND
RECOMMENDATION [165], OVERRULING
DEFENDANTS' OBJECTIONS [166], AND GRANTING IN
PART AND DENYING IN PART MOTION FOR ATTORNEY FEES [146]**

After the parties settled the case, Plaintiffs moved for attorney fees. ECF No. 146. The Court referred the matter to Magistrate Judge Kimberly G. Altman. ECF No. 153. She issued a Report and Recommendation ("Report") for the Court to grant in part and deny in part Plaintiffs' motion for attorney fees. ECF No. 165. Defendants timely objected to the Report. ECF No. 166. The Court will adopt the Report, overrule Defendants' objections, and grant in part and deny in part Plaintiffs' motion for attorney fees.

**BACKGROUND**

Plaintiffs sued Defendants for numerous constitutional violations against themselves and other visitors to Detroit's Renaissance Center. ECF No. 127. After a settlement conference conducted jointly by the Court and the parties' mediator, the parties resolved their dispute. *See* ECF No. 142. Plaintiffs then moved for approval

1

of the settlement as to Plaintiff T.F., a legally incapacitated individual. ECF No. 145, PageID.4492–4494. The Court granted the motion. ECF No. 161.

Pursuant to the settlement agreement, the parties agreed to submit the issue of attorney fees and costs to the Court. They agreed that the Court could "award any amount that it deems fair and reasonable," and that there would be no appeal of the Court's decision. ECF No. 142, PageID.4463. Plaintiffs then moved for $1.85 million in attorney fees and $145,441.10 in litigation expenses. ECF No. 146. The amount requested included a voluntary 18% reduction of Plaintiffs' Counsel's lodestar amount. *Id.* at PageID.4516. Defendants opposed Plaintiffs' request and argued that the amount requested was unreasonable. ECF Nos. 148, 149.

The Court referred the motion for attorney fees and expenses to Magistrate Judge Kimberly G. Altman pursuant to 28 U.S.C. § 636(b)(1) and ordered Plaintiffs to submit billing records for the fees and expenses claimed. ECF No. 153. Per Judge Altman's order, ECF No. 156, the parties submitted supplemental briefing on the motion. *See* ECF Nos. 160, 162.

After extensive briefing and a status conference, Judge Altman issued a Report and recommended that the Court grant in part and deny in part Plaintiffs' motion. ECF No. 165. The report recommended a 28% reduction to Plaintiffs' Counsel's lodestar amount of $2,245,514.50 to $1,616,770.44. *Id.* at PageID.4745–4746. She also recommended that Plaintiffs' Counsel request for costs and expenses be reduced by $21,632.89 to $123,808.21. *Id.* In sum, Judge Altman recommended that the Court award Plaintiffs' counsel $1,740,578.65 in fees and expenses.

Three issues from the Report merit further discussion.

First, as to the number of billed hours, the Report agreed with Defendants that Plaintiffs' counsel "bill[ed] in excess of what one might expect based on the nature of the case and its resolution." *Id.* at PageID.4739. The Report pointed to "nondescript time" entries that were "difficult to analyze." *Id.* Specifically, Judge Altman noted that "[t]he billing statements submitted . . . are replete with single entries of six or more hours (sometimes as high as twelve) containing very brief descriptions of the work done." *Id.* at PageID.4740. Judge Altman found that it was "difficult to ascertain whether the time on each item was reasonably spent." *Id.* The Report therefore recommended a 22% reduction to Plaintiffs' counsel's initial lodestar amount, in place of Plaintiffs' voluntary 18% reduction, for the "large, vague billing entries" and entries "that are not reasonably compensable by defendants." *Id.* at PageID.4741.

Second, the Report disagreed with Defendants and noted that the rates billed by Plaintiffs' Counsel were reasonable. The Report nonetheless recommended an additional 6% reduction to Plaintiffs' Counsel's lodestar amount because much of the work done by Attorneys Safran, Kendrick, and Wyrembelski "reflect[ed] some work that could be done at a paralegal level." *Id.* at PageID.4743. The Report therefore recommended a further 6% reduction to account for that work. *Id.*

Third, the Report recommended that the Court remove duplicate expenses for the Payne and Jenkins deposition materials because they were charged twice and found that Plaintiffs did not rebut the disallowance of the conservatorship fees. *Id.* at PageID.4744–4745. But the Report otherwise found that "most of [Plaintiffs']

3

itemized costs and expenses [were] reimbursable under § 1988." *Id.* at PageID.4744. The Report therefore recommended that the total amount of costs and expenses be reduced by $21,632.89. *Id.* at PageID.4745.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report as it is considered a dispositive in nature. *See* Fed. R. Civ. P. 54(d)(2)(D). A district court's standard of review depends on whether a party files objections. The Court need not review portions of a Report to which no party objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2)–(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* at 72(b)(3).

## DISCUSSION

I. <u>Defendants' Objections to the Report and Recommendation</u>

A. *Objection No. 1*

First, Defendants objected that the 22% reduction of Plaintiffs' lodestar amount was insufficient. They argued that the voluntary reduction of 18% by Plaintiff should not affect the Court's decision because the rates charged were overinflated and, thus, any voluntary reduction of the lodestar amount was illusory. *See* ECF No. 166, PageID.4752.

4

Defendants also argued that the recommended reduction was insufficient because the Report did not address the specific confidential settlement amount. They noted that "this Court is aware" of the settlement amount, and in light of the amount, Defendants "could have never anticipated in their wildest dreams that Plaintiffs' counsel would remarkably claim $2.2M in fees." *Id.* at 4753. Defendants further noted that Plaintiffs spent an "exorbitant amount of time" spent "trying to a make a case (class action) that simply did not exist." *Id.* at PageID.4752.

Put simply, Defendants disagree with Judge Altman's recommended reduction of the lodestar to 22% because they believe it is insufficient in light of the vague and excessive billing entries.

Judge Altman's Report, however, addressed the same arguments raised by Defendants in their objections. Defendants did not point to any specific legal error made by the Report. Rather, Defendants merely disagreed with the Report's discretionary recommendation to reduce the lodestar by 22%.

The Report acknowledged that "there has been [excess] billing," that the billing entries were "replete with single entries of six or more hours (sometimes as high as twelve) containing very brief descriptions of the work done," and that it was "difficult to ascertain whether the time on each item was reasonably spent." ECF No. 165, PageID.4739–4740. The Court agrees with Judge Altman's analysis that billing in this case was excessive and vague, especially considering the sparse descriptions of work accompanied with large blocks of time billed. Even so, block billing is not per se prohibited, and entries need only contain enough detail for the Court to determine

5

whether counsel spent a reasonable amount of time spent on each action. *See Howe v. City of Akron*, 705 F. App'x 376, 383 (6th Cir. 2017); *Perry v. Autozone Stores, Inc.*, 624 F. App'x 370, 373 (6th Cir. 2015). Given the deficiencies in billing, the question becomes how much to discount the lodestar.

Here, a 22% reduction of the lodestar is a significant reduction in attorney fees. Outside of the concerns already addressed by the Report, the Court finds no support for Defendants' contention that the initial reduction of 18% is "illusory." Nor did Defendants cite any legal support that the Court should not consider Plaintiffs' voluntary reduction.

Furthermore, Defendants cited no legal authority to justify a reduction in the attorney fees amount based on the settlement amount. Plaintiffs correctly argued in their response that there is no requirement in § 1983 cases for the attorney fees award to be proportional to the amount recovered. *See Hescott v. City of Saginaw*, 757 F.3d 518, 525 (6th Cir. 2014) (*citing City of Riverside v. Rivera*, 477 U.S. 561, 574–80 (1986)). Finally, while Defendants may disagree with Plaintiffs' strategy, the Court will not nitpick strategic decisions made by Counsel about whether a class action was warranted here. What is more, any concerns of excessive or vague billing entries are already accounted for with the 22% reduction to the lodestar amount. Thus, for the same reasons Judge Altman stated, the Court will adopt her recommendation.

For the foregoing reasons, the Court will adopt Judge Altman's Report as to the number of billed hours, overrule Defendants' objection and reduce the attorney fees by 22% of Plaintiffs Counsel's lodestar.

B.   *Objection No. 2*

Second, Defendants objected that the additional 6% reduction of the lodestar rate was similarly insufficient. ECF No. 166, PageID.4754.

Defendants' argument that Attorney Safran's rate was unreasonable fails. They argued that Ms. Safran's rate of $595 per hour is unreasonable because she "has no special expertise to warrant a rate in the 75% - 95% percentile." *Id.* The Report found that the rate was reasonable, "especially considering the contingency nature of the case." ECF No. 165, PageID.4743. The Court agrees. It is true the Report did not explicitly address that the rate exceeds the mean rate for a civil rights lawyer ($425). But Ms. Safran's rate is still reasonable because she has practiced law for twenty-five years, and her rate is slightly above the 75th percentile for attorneys with twenty-five years of practice. *See* ECF No. 148-2, PageID.4610 (State Bar of Michigan Economics of Law 2023 Report). Furthermore, a higher than average, but less than double the average rate fee is reasonable considering the contingency nature of the case. Courts often use higher rates in contingency cases. *See Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 422 (6th Cir. 1991) (explaining that "a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable").

Defendants' undeveloped argument about "inflated rates for the Miller associates" fares no better. ECF No. 166, PageID.4754. Defendants cited no legal authority for why the lodestar should be reduced further than 6%. Judge Altman

already noted that the rates for some of the Miller associates were overinflated because they "could be done at a paralegal level" and thus should be reduced. *See* ECF No. 165, PageID.4743. Defendants raised no new argument as to why the Court should further reduce the fee award, other than conclusively stating it was "inadequate." *See* ECF No. 166, PageID.4754–4755. That is not enough.

For the foregoing reasons, the Court will adopt Judge Altman's Report as to the rates billed by Plaintiffs' attorneys, overrule Defendants' objection and further reduce the attorney fees by 6% of Plaintiffs' Counsel's lodestar.

### C. *Objection No. 3*

Finally, Defendants objected that the Report did not remove expenses for lien searches, expert report fees, psychological testing, and investigative services provided by J & S investigation. ECF No. 166, PageID.4755. In its objection, devoid of any legal support, Defendants argued that the expenses "were either not supported by documentation or were unwarranted." *Id.*

The Court agrees with the Report for each expense. As to the MedLien Solutions contract, Defendants provided proper documentation of the contract to the Court for in camera review. Next, the AJS Consulting expert report was not prepared prematurely. The initial report due date was March 30, 2025, ECF No. 129, and was extended on March 10, 2025. ECF No. 136. It was not unreasonable or premature to have an expert report prepared a month earlier in anticipation of a March deadline. *See* ECF No. 160, PageID.4709. Nor did Defendants provide any legal support to suggest as much. Finally, the Court finds that psychological testing is a reasonable

8

expense the Plaintiffs had to incur to evaluate their case. Defendants again provided no legal authority for the proposition that the expense is not a litigation outlay that would normally be charged to a fee-paying client, other than a conclusory statement asserting as much. *See* ECF No. 160, PageID.4708–4709. And Defendants provided no legal justification for their position that investigative services used by Plaintiffs should not be reimbursed as a legal fee that would ordinarily be charged to a fee-paying client. The Court agrees with the Report that such a fee is generally reimbursable.

The Court will therefore adopt Judge Altman's Report as to the costs and expenses billed by Plaintiffs' attorneys, overrule Defendants' objection, and reduce the total award by $21,632.89.

## CONCLUSION

For the foregoing reasons, the Court will overrule Defendants' objections and adopt Judge Altman's Report. The Court will therefore grant in part and deny in part Plaintiffs' motion for attorney fees and expenses. The Court will award attorney fees, costs and expenses to Plaintiffs in the amount of $1,740,578.65 in accordance with Judge Altman's recommendation.

**WHEREFORE**, it is hereby **ORDERED** that Defendants' objections to the report and recommendation [166] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for attorney fees and expenses [146] is **GRANTED IN PART** and **DENIED IN PART**.

9

**IT IS FURTHER ORDERED** that Defendants shall **PAY** Plaintiffs' Counsel **$1,740,578.65** in attorney fees, costs and expenses in accordance with the parties' settlement agreement.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 20, 2026